IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE

DEC 2 2 2005

LUTHER D _____ ark

Deputy Clerk

PAUL SWINDELL             :

     Plaintiff             :

v.                      :     CIVIL ACTION FILE NO.:

AMOCO FABRICS AND FIBERS  :
COMPANY, BP AMERICA INC.;  ·
BP AMOCO CHEMICAL       :
COMPANY; BP AMOCO        :
POLYMERS, INC.; PROPEX     :
FABRICS, INC.; PROPEX FABRICS:
HOLDINGS, INC.; PROPEX    ·
FABRICS INTERNATIONAL   :
HOLDINGS I INC., PROPEX    :
FABRICS HOLDINGS II INC.:   :     JURY TRIAL DEMANDED
STERLING GROUP LP; GENSTAR :
CAPITAL, LLC; GENSTAR     :
CAPITAL, LP; LAMINAR DIRECT ·
CAPITAL L.P.           :
                     :
     Defendants          :

1 05-CV 3247-HTW

## COMPLAINT

COMES NOW Plaintiff Paul Swindell, and files this Complaint for

Equitable Relief and Damages, showing the Court the following:

### INTRODUCTION

1.

Plaintiff brings this action against his former employers, for their unlawful

termination of his employment. The termination of Plaintiff's employment was motivated by Plaintiff's age, over forty, in violation of the Age Discrimination in Employment Act of 1973, 29 U.S.C. §621, *et seq.* ("ADEA"), and because of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

## PARTIES

2.

Plaintiff Paul Swindell is a male resident of the state of South Carolina, who resided and was employed in Georgia at the time of the events alleged herein. At the time of his termination, Plaintiff was sixty-one (61) years of age. Plaintiff is a member of a protected class and was an employee within the meaning of the ADEA. At the time of his termination, Plaintiff was disabled as contemplated by the ADA.

3.

Defendant Amoco Fabrics and Fibers Company ("AFFC") is a company doing business within the state of Georgia and is subject to suits of this kind and nature. At all times relevant to this action, Amoco Fabrics and Fibers Company was an employer within the meaning of the ADEA and ADA. Upon information and belief, Defendant Amoco Fabrics and Fibers Company and the other entities named in this Complaint were Plaintiff's joint employers and/or constitute an integrated enterprise within the

2

meaning of the ADEA and ADA. Amoco Fabrics and Fibers Company may be served with process by delivering a copy of the Complaint and Summons to its registered agent for service of process, Prentice Hall Corporation System, Inc., 40 Technology Parkway South, #300, Norcross, Georgia 30092.

4.

Defendant BP America Inc. ("BP America") is a corporation doing business within the state of Georgia and is subject to suits of this kind and nature. At all times relevant to this action, BP America Inc. was an employer within the meaning of the ADEA and ADA. Upon information and belief, Defendant BP America Inc. and the other entities named in this Complaint were Plaintiff's joint employers and/or constitute an integrated enterprise within the meaning of the ADEA and ADA. BP America Inc. may be served with process in accordance with the Federal Rules of Civil Procedure.

5.

Defendant BP Amoco Chemical Company ("BP Amoco Chemical") is a company doing business within the state of Georgia and is subject to suits of this kind and nature. At all times relevant to this action, BP Amoco Chemical Company was an employer within the meaning of the ADEA and ADA   Upon information and belief, Defendant BP Amoco Chemical Company and the other entities named in this

3

Complaint were Plaintiff's joint employers and/or constitute an integrated enterprise within the meaning of the ADEA and ADA. BP Amoco Chemical Company may be served with process by delivering a copy of the Complaint and Summons to its registered agent for service of process, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361

6.

Defendant BP Amoco Polymers, Inc ("Amoco Polymers") is a corporation doing business within the state of Georgia and is subject to suits of this kind and nature. At all times relevant to this action, BP Amoco Polymers, Inc. was an employer within the meaning of the ADEA and ADA. Upon information and belief, Defendant BP Amoco Polymers, Inc and the other entities named in this Complaint were Plaintiff's joint employers and/or constitute an integrated enterprise within the meaning of the ADEA and ADA. BP Amoco Polymers, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure.

7.

Defendant Propex Fabrics, Inc. is a corporation doing business within the state of Georgia and is subject to suits of this kind and nature. At all times relevant to this action, Propex Fabrics, Inc. was an employer within the meaning of the ADEA and ADA. Upon information and belief, Defendant Propex Fabrics, Inc. is a successor in

4

interest to Defendants AFFC, BP America, BP Amoco Chemical, and Amoco Polymers, and may be held responsible for the liabilities of its predecessors. In the alternative, Defendant Propex Fabrics, Inc. and the other entities named in this Complaint were Plaintiff's joint employers and/or constitute an integrated enterprise within the meaning of the ADEA and ADA. Propex Fabrics, Inc. may be served with process by delivering a copy of the Complaint and Summons to its registered agent for service of process, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

8

Defendant Propex Fabrics Holdings, Inc. is a corporation doing business within the state of Georgia and is subject to suits of this kind and nature. At all times relevant to this action, Propex Fabrics Holdings, Inc. was an employer within the meaning of the ADEA and ADA. Upon information and belief, Defendant Propex Fabrics, Inc. is a successor in interest to Defendants AFFC, BP America, BP Amoco Chemical, and Amoco Polymers and may be held responsible for the liabilities of its predecessors. In the alternative, Defendant Propex Fabrics Holdings, Inc. and the other entities named in this Complaint were Plaintiff's joint employers and/or constitute an integrated enterprise within the meaning of the ADEA and ADA. Propex Fabrics Holdings, Inc. may be served with process by delivering a copy of the

5

Complaint and Summons to its registered agent for service of process, Corporation

Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

9.

Defendant Propex Fabrics International Holdings I Inc. is a corporation doing

business within the state of Georgia and is subject to suits of this kind and nature. At

all times relevant to this action, Propex Fabrics International Holdings I Inc. was an

employer within the meaning of the ADEA and ADA. Upon information and belief,

Defendant Propex Fabrics International Holdings I Inc. is a successor in interest to

Defendants AFFC, BP America, BP Amoco Chemical, and Amoco Polymers and may

be held responsible for the liabilities of its predecessors. In the alternative, Defendant

Propex Fabrics International Holdings I Inc. and the other entities named in this

Complaint were Plaintiff's joint employers and/or constitute an integrated enterprise

within the meaning of the ADEA and ADA. Propex Fabrics International Holdings

I Inc. may be served with process by delivering a copy of the Complaint and

Summons to its registered agent for service of process, Corporation Service

Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

10.

Defendant Propex Fabrics International Holdings II Inc. is a corporation doing

business within the state of Georgia and is subject to suits of this kind and nature. At

6

all times relevant to this action, Propex Fabrics International Holdings II, Inc. was an employer within the meaning of the ADEA and ADA. Upon information and belief, Defendant Propex Fabrics International Holdings II Inc. is a successor in interest to Defendants AFFC, BP America, BP Amoco Chemical, and Amoco Polymers and may be held responsible for the liabilities of its predecessors. In the alternative, Defendant Propex Fabrics International Holdings II Inc. and the other entities named in this Complaint were Plaintiff's joint employers and/or constitute an integrated enterprise within the meaning of the ADEA and ADA. Propex Fabrics International Holdings II Inc. may be served with process by delivering a copy of the Complaint and Summons to its registered agent for service of process, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

11.

Upon information and belief, Defendant Sterling Group LP is a limited partnership doing business within the state of Georgia and is subject to suits of this kind and nature. At all times relevant to this action, Sterling Group LP was an employer within the meaning of the ADEA and ADA. Upon information and belief, Defendant Sterling Group LP is a successor in interest to Defendants AFFC, BP America, BP Amoco Chemical, and Amoco Polymers and may be held responsible for the liabilities of its predecessors. In the alternative, Defendant Sterling Group LP

7

and the other entities named in this Complaint were Plaintiff's joint employers and/or constitute an integrated enterprise within the meaning of the ADEA and ADA. Sterling Group LP may be served with process in accordance with the Federal Rules of Civil Procedure.

12.

Upon information and belief, Defendant Genstar Capital, LLC is a limited liability company doing business within the state of Georgia and is subject to suits of this kind and nature. At all times relevant to this action, Genstar Capital, LLC was an employer within the meaning of the ADEA and ADA. Upon information and belief, Defendant Genstar Capital, LLC is a successor in interest to Defendants AFFC, BP America, BP Amoco Chemical, and Amoco Polymers and may be held responsible for the liabilities of its predecessors. In the alternative, Defendant Genstar Capital, LLC and the other entities named in this Complaint were Plaintiff's joint employers and/or constitute an integrated enterprise within the meaning of the ADEA and ADA. Genstar Capital, LLC may be served in accordance with the Federal Rules of Civil Procedure

13.

Upon information and belief, Defendant Genstar Capital, LP is a limited partnership doing business within the state of Georgia and is subject to suits of this

8

kind and nature.  At all times relevant to this action, Genstar Capital, LP was an

employer within the meaning of the ADEA and ADA.  Upon information and belief,

Defendant Genstar Capital, LP is a successor in interest to Defendants AFFC, BP

America, BP Amoco Chemical, and Amoco Polymers and may be held responsible

for the liabilities of its predecessors   In the alternative, Defendant Genstar Capital,

LP and the other entities named in this Complaint were Plaintiff's joint employers

and/or constitute an integrated enterprise within the meaning of the ADEA and ADA.

Genstar Capital, LP may be served in accordance with the Federal Rules of Civil

Procedure.

14.

Upon information a nd b elief, D efendant L aminar D irect C apital L .P. i s a

limited partnership doing business within the state of Georgia and is subject to suits

of this kind and nature.  At all times relevant to this action, Laminar Direct Capital

L.P. was an employer within the meaning of the ADEA and Title VII.   Upon

information and belief, Defendant Laminar Direct Capital L.P. is a successor in

interest to Defendants AFFC, BP America, BP Amoco Chemical, and Amoco

Polymers and may be held responsible for the liabilities of its predecessors.  In the

alternative, Defendant Laminar Direct Capital L.P. and the other entities named in

this Complaint were Plaintiff's joint employers and/or constitute an integrated

9

enterprise within the meaning of the ADEA and ADA. Laminar Direct Capital L.P

may be served in accordance with the Federal Rules of Civil Procedure.

## JURISDICTION

### 15.

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and 29

U.S C. §621, *et seq.* Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### 16.

Mr. Swindell timely filed a charge of age and disability discrimination with the

Equal Employment Opportunity Commission ("EEOC"). Mr. Swindell received a

Notice of Right to Sue and the instant lawsuit is timely filed. Mr. Swindell has

exhausted his administrative remedies and jurisdiction is proper in this Court.

## FACTS

### 17.

Mr. Swindell became employed by Phillips Fibers, the predecessor to

Defendant Amoco Fabrics and Fibers Company, on August 20, 1990 as a sales

representative.

### 18.

Throughout his over thirteen years of employment, Mr. Swindell either met

or exceeded his performance expectations.

19.

On or about March 29, 2004, Mr. Swindell was informed that he had three aneurysms near his heart. At or around that time, Mr. Swindell's vascular surgeon recommended that he undergo a surgery with a ten percent (10%) mortality rate, which would require Mr Swindell to take off thirteen (13) weeks of work to recuperate.

20.

Defendants' management knew of Mr. Swindell's physical condition and his upcoming need for medical leave.

21.

On April 16, 2004, within three weeks after learning of his health condition, Defendants terminated Mr. Swindell's employment.

22.

Mr. Swindell was replaced by a less experienced man in his thirties (30s), who, upon information and belief, does not suffer from a disability.

23.

As a result of Defendants' termination of Mr. Swindell, he has suffered lost salary and benefits, and mental and emotional distress.

11

24.

Defendants' unlawful termination of Mr. Swindell was deliberate, wanton, and willful, entitling Mr. Swindell to an award of punitive damages

## SUBSTANTIVE ALLEGATIONS

## COUNT I

### AGE DISCRIMINATION IN VIOLATION
### OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

25.

The preceding paragraphs of this Complaint are hereby incorporated as if fully set forth herein.

26.

Defendants' termination of Mr. Swindell's employment was motivated, in whole or in part, by his age, over forty, in violation of the ADEA, entitling Mr. Swindell to all relief afforded by that statute.

## COUNT II

### DISABILITY DISCRIMINATION
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

27.

The preceding paragraphs of this Complaint are hereby incorporated as if fully set forth herein.

28.

At the time Mr. Swindell was terminated, his medical condition constituted a physical impairment which substantially limited one or more major life activities. Mr. Swindell had a record of this type of physical impairment, which was known to Defendants' management. Additionally, Mr. Swindell was regarded by Defendants as having a physical or mental impairment which substantially limits one or more major life activities. Mr. Swindell was and is therefore an individual with a disability, as defined by the ADA

29.

At the time of his termination, Mr. Swindell was an individual with a disability who, without reasonable accommodations, could perform the essential functions of his employment position with Defendants. Therefore, Mr. Swindell was a qualified individual with a disability, as defined by the ADA.

30.

Defendants failed to offer or provide Mr. Swindell with reasonable accommodation to the extent that his disability required such accommodation. Further, Defendants' termination of Mr. Swindell's employment was motivated, in whole or in part, because of his actual disability, record of disability, and/or because Defendants regarded him as disabled in violation of ADA, entitling Mr. Swindell to

all relief afforded by that statute. Defendants' actions toward Mr. Swindell and were discriminatory and in violation of the Americans With Disabilities Act.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Swindell prays that the following relief be granted:

A.   That he be awarded a declaratory judgment that Defendants have violated the ADEA and ADA;

B.   That the Court order Defendants to reinstate Mr. Swindell to his former position as a sales representative, with the accrued salary and benefits he would have received in that position; or, in the alternative, an award of front pay and benefits in an amount sufficient to compensate him for the future losses of salary and benefits;

C.   That this Court enter an injunction against Defendants, prohibiting them from discriminating against Mr. Swindell or any other employee on the basis of age and disability;

D.   That Mr. Swindell have and recover from Defendants backpay and benefits, with prejudgment interest thereon;

E.   That Mr. Swindell have and recover compensatory damages;

F.   That Mr. Swindell have and recover punitive damages;

G.   That Mr. Swindell have and recover liquidated damages;

H.      That Mr. Swindell have and recover his attorney's fees and costs of

        litigation; and

I.      Any and all such further relief that this Court of the finder of fact deems

        equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 22 day of December, 2005.

                                                HARLAN S. MILLER
                                                Ga State Bar No. 506709

MILLER, BILLIPS & ATES
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404)969-4101
(404)969-4141 - facsimile